FILED
2011 NOV 18 PM 7:37

SANGUAN RANGSIYANANTA
4324 3/4 LOCKWOOD AVE
LOS ANGELES, CA 90029
EMAIL: SANGUAN787@HOTMAIL.COM
No phone Number

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANGUAN RANGSIYANANTA an individual,<br><br>Plaintiff,<br><br>vs.<br><br>EQUABLE ASCENT FINANCIAL, LLC<br><br>Defendant. | Case No.: 2:11-cv09207-RGK-(JCx)<br><br>**PLAINTIFF SANGUAN RANGSIYANANTA'S FIRST AMENDED VERIFIED COMPLAINT FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT;**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**<br><br>**3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br><br>**4. UNFAIR COMPETITION;**<br><br>**5. CONVERSION; AND**<br><br>**6. DECLARATORY RELIEF.**<br><br>JURY TRIAL DEMANDED |

Plaintiff Sanguan Rangsiyananta Amends his Complaint in the First instance against Defendant EQUABLE ASCENT FINANCIAL, LLC.,

**I. JURISDICTION AND VENUE.**

1. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d) and 28 U.S.C. Section 1337, and supplemental jurisdiction exists for the state law claims to 28 U.S.C. Section 1367. Declaratory relief is available pursuant to 28 U.S.C. Section 2201 and 2202. Venue in this District is proper in that Plaintiff's claim arose in this District.

FIRST AMENDED COMPLAINT - 1

**II. THE PARTIES**

2. The Plaintiff SANGUAN RANGSIYANANTA ("PLAINTIFF"), is a natural person who, at all times relevant herein, resided in Burbank, which is located in Los Angeles County, California.

3. Defendant EQUABLE ASCENT FINANCIAL LLC (hereinafter "EQUABLE"), is a Delaware limited liability Company, had, at all times relevant to this amended complaint, is principal place of business located at 1120 West Lake Cook Rd Ste B, Buffalo Grove, IL 60089.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this first amended complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as DOW was in some manner responsible for the occurrences and injuries alleged herein.

5. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendant. All actions of each of the defendants were ratified and approved by the other named defendants.

6. Defendants are debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. Section 1692a(c), and as defined by the Rosenthal Fair Debt Collection Practices Act, California Civil Code Section 1788.2(c).

**III.   FACTUAL ALLEGATIONS.**

7. Within the past year, Plaintiff was contacted by EQUABLE about a consumer credit card debt allegedly totaling approximately $1,790, which had allegedly been bought by EQUABLE.

8. Despite several request by PLAINTIFF, EQUABLE sent PLAINTIFF no documents or facts supporting the existence of that debt, or in any way verifying the debt, and did not at any time disclose to Plaintiff his right to request verification of the debt.

9. In fact, PLAINTIFF does not owe-and never owed-the debt which EQUABLE attempted to collect from him. EQUABLE had no valid legal right to collect or attempt to collect that, or any, sum of money from PLAINTIFF.

10. Nevertheless, EQUABLE threatened PLAINTIFF that unless he authorized a stream of debits from his checking account, they would report the debt to the consumer credit reporting agencies and initiate legal action against his. At least five different employees from EQUABLE contracted PLAINTIFF to repeat their threats. One demanded that he and his wife-both of them retired-barrow from hard money lender to pay off the debt.

11. Despite Plaintiff's repeated request that EQUABLE show him some proof of the debt EQUABLE never did so.

12. Upon receipt of Plaintiff's dispute and debt validation request, Defendant failed to cease collection activity and continued to report the disputed collection account to the credit reporting agencies, without also noting that the account is in dispute by Plaintiff.

**FIRST CLAIM FOR RELIEF**

**(For Violations of FDCPA Against EQUABLE and DOES 1 though 5, inclusive)**

13. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 12 above.

14. Defendants, and each of them, violated FDCPA. Defendant's violations include, but are not limited to, the following:

FIRST AMENDED COMPLAINT - 3

a) Failing to provide within 5 days of its first communication with Plaintiff statutorily required language permitting Plaintiff the opportunity to verify the alleged debt, in violation of 15 U.S.C. Section 1692g(a);

b) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. Section 1692e(10);

c) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. Section 1692f;

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. Section 1992f(1);

e) Threatening legal action that was not intended, in violation of 15 U.S.C. Section 1692e(5);

f) Failing to disclose in the initial communication with the consumer that the debt collector was attempting to collect a debt and that any information obtained will be used for that purpose; and failing to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. Section 1692e(11); and

15. Reporting the disputed account to credit reporting agencies, after receipt of Plaintiff's dispute, without also noting that the amount is in dispute, in violation of 15 U.S.C. Section 1681s-2(a)3.

16. As a result of the above violations of the FDCPA, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

**SECOND CLAIM FOR RELIEF**

**(For Violations of Rosenthal Act Against EQUABLE, and DOES 1 through 5 inclusive)**

17. Plaintiff repeats and reincorporates by reference the Paragraphs 1 through 15 above.

18. Defendants, and each of them, knowingly and willfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act"). Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debt:

   a) Falsely representing to the Plaintiff that a legal proceeding was about to be instituted unless payment was made, in violation of 1788.13(j); and

   b) Communicating telephonically with Plaintiff with such frequency as to be unreasonable and to constitute harassment in violation of Civil Code Section 1788.11(e).

19. As a result of defendant's violations of the Rosenthal Act, pursuant to Civil Code Section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.

### THIRD CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress Against EQUABLE, and DOES 1-5, Inclusive)**

20. Plaintiff realleges and incorporates by this reference paragraphs 1 through 18, above.

21. In engaging in the aforementioned conduct, defendant intended to and did cause Plaintiff severe emotional distress.

22. Defendants' conduct was willful, wanton and oppressive, thus warranting an award of punitive and/or exemplary damages against EQUABLE and DOES 1 through 5 inclusive.

### FOURTH CAUSE OF ACTION

FIRST AMENDED COMPLAINT - 5

(Federal, State, and Common Law Unlawful Business Practices Against EQUABLE, and DOES 1 through 5, inclusive)

23. Plaintiff realleges and incorporates by this reference paragraphs 1 through 21, above.
24. Defendants' actions constitute unfair competition, including under California state Law (including Business and Professions Code §§17200 et seq.) and common law.
25. Such actions taken by Defendants in violation of the law, and Plaintiff is entitled to various remedies including preliminary and permanent injunctive relief.
26. Defendants' conduct, as alleged herein, is causing Plaintiff irreparable harm, which cannot be adequately compensated or measured monetarily, and thus should be permanently enjoined.

**FIFTH CLAIM FOR RELIEF**

**(For Conversion Against EQUABLE and DOES 1 through 5, inclusive)**

27. Plaintiff realleges and incorporates by this reference paragraphs 1 through 25, above.
28. Defendants' conduct was willful, wanton and oppressive, thus warranting an award of punitive and/or exemplary damages against EQUABLE and DOES 1 through 5, inclusive.

**SIXTH CLAIM FOR RELIEF**

**(For Declaratory Relief Against EQUABLE and DOES 1 through 5, inclusive)**

29. Plaintiff realleges and incorporates by this reference paragraphs 1 through 27, above.
30. An actual and existing controversy now exists between the parties hereto, in that Plaintiff contends that the actions of EQUABLE and DOES 1 through 5, inclusive, constituted willful violations of the Fair Debt Collection Practices Act and/or the Rosenthal Fair Debt Collection Act, while conversely, those defendants contend that their actions are consistent with all applicable laws governing collection agencies.
31. A judicial declaration that the conduct of defendants EQUABLE and DOES 1 through 5 violated applicable statutes is now just and appropriate.

WHEREFORE, Plaintiff request that judgment be entered in his favorer against the defendants as follows:

1. Statutory damages, pursuant to 15 U.S.C. Section 1692k(a)(2) and/or Civil Code section 1788.30(b);
2. Actual Damages, pursuant to 15 U.S.C. Section 1692k(a)(1) and/or Civil Code section 1788.30(a);
3. Cost and reasonable attorney's fees, pursuant to 15 U.S.C. Section 1692k(a)(3), and/or Civil Code section 1788.30(c);
4. General damages, in an amount subject to proof at trial;
5. Punitive and/or exemplary damages;
6. Declaratory relief;
7. Injunctive relief; and
8. Such other and further relief as the Court deems just and proper.

   PLEASE TAKE NOTICE that Plaintiff Sanguan Rangsiyananta request a trial by jury.

FIRST AMENDED COMPLAINT - 7

```
                                        Respectfully submitted,
DATED: November 18, 2011        By: _____
                                    Sanguan Rangsiyananta, Plaintiff
```

Name & Address:
SANGUAN RANGISYANANTA
4324 3/4 LOCKWOOD AVE
LOS ANGELES, CA 90029
EMAIL: SANGUAN787@HOTMAIL.COM
*No phone number*

**FOR OFFICE USE ONLY**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| SANGUAN RANGISYANANTA, and individual<br>PLAINTIFF(S)<br>v. | 2:11-cv-09207-RGK-(JCx) |
| EQUABLE ASCENT FINANCIAL, LLC<br>DEFENDANT(S). | SUMMONS |

TO: DEFENDANT(S): EQUABLE ASCENT FINANCIAL, LLC

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☑ ____FIRST____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __SANGUAN RANGISYANANTA__, whose address is __4324 3/4 LOCKWOOD AVE, LOS ANGELES, CA 90029__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: NOV 18 2011

Clerk, U.S. District Court

By: __ANDRES PEDRO__
Deputy Clerk

(Seal of the Court) 1202

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**FOR OFFICE USE ONLY**

---

CV-01A (12/07)        SUMMONS